BARNET B. FLAGLER, AS EXECUTOR, ETC., OF WILLIAM FLAGLER, DECEASED, PLAINTIFF, *v.* ORVILLE H. WHEELER AND OTHERS, DEFENDANTS.

*Evidence — declarations of an assignor — when inadmissible as against the assignee.*

Upon an application for the distribution of surplus moneys arising upon the foreclosure of a mortgage the claim of the general assignee of the mortgagor was challenged by the owner of a judgment, recovered against the mortgagor after the making of the assignment, upon the ground that the same was fraudulent. Upon the hearing the judgment creditor was allowed to prove the declaration of the assignor, made some days prior to the assignment, to a person not a creditor nor a party to it, tending to establish its fraudulent character. *Held,* that the declarations were inadmissible.

APPEAL from an order of the Monroe Special Term directing the distribution of surplus moneys in a foreclosure case.

The matter was referred to a referee to take proofs on the questions of fact in dispute, and to report the same with his opinions thereon to the court as to the facts and the law of the case. The referee's report was confirmed at Special Term, and from the order of confirmation Arthur P. Flagler, the assignee, appealed. The fact in issue and the character of the exceptions on which the appellant relies for error are stated in the opinion.

*H. R. Durfee,* for Arthur P. Flagler, assignee, appellant.

*Horace McGuire,* for Ernest R. Reed, respondent and contesting claimant.

BARKER, J.:

The mortgagor, Orville R. Wheeler, was owner in possession of the premises at the time of the sale. Before the foreclosure suit

was commenced he made a general assignment of all his property, including the mortgaged premises, to Arthur P. Flagler in trust, for the benefit of his creditors. Within a few days thereafter Townsend, one of his creditors, recovered a judgment against the assignor, which was duly docketed in the county where the property was situated. Execution was issued thereon against the property of the judgment debtor, which was duly returned unsatisfied. This judgment was assigned and transferred to Ernest R. Reid, who is one of the claimants for the fund based upon his alleged lien. The controversy arises between the assignee for the benefit of creditors and Reid, the assignee of the said judgment, the latter claiming that the assignment was fraudulent and void as to creditors. On the trial of this issue of fact, the learned referee found with the claimant. Reid and the surplus moneys were awarded to him.

The proceedings as between the parties contesting are in the nature of a creditor's bill, the judgment creditor attacking the validity of the assignment on the ground of fraud. The rules of evidence applicable on the trial of an issue of fact in proceedings of this character are the same as on the trial of like issues of fact in an original action brought for the direct purpose of setting aside an assignment at the instance of a judgment creditor, for alleged fraud on the part of the assignor.

On the hearing attacking the validity of the assignment, the assignee of the judgment was permitted to prove the declarations of the assignor, made some days prior to the assignment to a person not a creditor nor a party to the assignment afterwards executed. This presents the first question argued by the appellant. In substance, the declarations of the assignor, which the referee permitted to be proved, were made to Henry Reid, whose testimony before the referee was as follows:

"I (the witness) told Wheeler that they would sue it (the Townsend note) unless he had security; he said he had no money and couldn't pay it; I told him they would sue it and get it in judgment; he said they would have to sue then, and if they did they wouldn't get anything; he said he would fix himself in such a way they won't get anything; on the next day I met him again and he said they must not sue him, and if they did they would be sorry."

The law rejects hearsay evidence for the reason that it is the

statement of a person not before the tribunal, engaged in the trial of the question of fact in issue, uttered without the sanction of an oath, without cross-examination, and without an opportunity to apply those tests which experience has found so requisite to ascertain the truth. The assignor bears no such relation to the controversy as it now arises, so that his acts or declarations, wholly disconnected with the making of the assignment, can be proved against the assignee, who, in his capacity of trustee, represents the creditors of the assignor.

The questions of fact in issue before the referee were not raised for the benefit of the assignee, but were found for and in the interest of a creditor of the assignor acting in hostility to the assignment. As between those parties, there is no existing privity of interest.

In *Bullis* v. *Montgomery* (50 N. Y., 352) the court, in speaking of the identity and community of interest existing between the assignor and assignee, said there was none so as to make the declarations of the former, made before the assignment, competent as against the latter, and on that subject it was said: " The latter (the assignee) holds primarily for the creditors, and for these in hostility to the assignor." It is for these reasons, based upon elementary principles, the declarations of an assignor are held incompetent for the purpose of breaking down the assignment when sought to be sustained by the creditors.

It is argued on the part of the respondent that these declarations uttered by the assignor should be regarded as a part of the *res gestæ*, and are admissible as original evidence in support of the allegation that the assignment was fraudulent. The learned judge at Special Term concurred in this position, and placed his decision sustaining the referee's ruling that the evidence was competent on that ground.

In our consideration, the declarations of the assignor having been made prior to the preparation and execution of the assignment, were no part of the *res gestæ*, and were, therefore, erroneously received. There is no dispute or conflict of authority as to the general definition as to what constitutes *res gestæ*, so that the same may be proved as part of the main fact. When the declarations of a third party are such that they may be proved as original.

evidence like any other fact, the rule has been briefly and accurately stated as follows : " Such a declaration derives credit and importance as forming a part of the transaction itself, and is included in the surrounding circumstances, which may always be given in evidence to the jury with the principal fact. There must be a main or principle fact or transaction, and only such declarations are admissible as grow out of the principal transaction, illustrating its character ; are contemporary with it, and derive some degree of credit from it." (*Lund* v. *Inhabitants of Tyngsborough*, 9 Cush., 42.) Every case has its own peculiar distinctive *res gestæ*, and to determine in any particular case, whether or not there is any main fact, and what declarations, facts and circumstances apply to it as forming the *res gestæ* is often very difficult, requiring very careful consideration and nice discrimination.

In the more recent case of *Waldele* v. *New York Central and Hudson River Railroad Company* (95 N. Y., 274), the question is discussed in an elaborate and instructive opinion by Mr. Justice ANDREWS, where the leading cases are collated and discussed and a general rule formulated which is in full accord with the one already quoted.

In applying the rule it has been held in this State, that the declarations of the assignor made prior to the assignment were not competent evidence on the issue as to the validity of the assignment, when it arises between the creditors who stand by the assignment as valid and those who attack it on the ground that it was made to cheat and defraud creditors. In the face of the authorities it would seem that the question is no longer open to discussion. (*Jones* v. *M. E. Church*, 21 Barb., 161; *Bullis* v. *Montgomery*, 50 N. Y., 352; *Truax* v. *Slater*, 86 id., 630; *Vidvard* v. *Powers*, 34 Hun, 221.)

The case of *Von Sachs* v. *Kretz* (72 N. Y., 548) holds nothing to the contrary. It was there held that the declarations of a bankrupt, made before the bankruptcy, were admissible as evidence against his assignee in bankruptcy to establish or support a claim against the estate of the bankrupt, and that a vendee of chattels or an assignee of a chose in action, must be a purchaser for value in order to exclude the declarations of a prior party in interest, from whom he derived title made before such parting with his interest. In that case the validity of a general assignment for the benefit of creditors was not in issue as in this case.

If the assignee who now claims the fund in question was seeking to collect a demand transferred to him by the assignment, and the person against whom the claim was made resisted the payment on the ground of off-set or discharge by payment, and, in support of his defense, offered the declarations of the assignor made prior to the assignment, then the case cited would be an authority for allowing the declarations to be given in evidence on the issue thus presented. The rule of evidence applied in that case was the same as was adopted in *Bond* v. *Fitzpatrick* (4 Gray, 89), where it was held that in a suit against the maker of a promissory note by one who took it when overdue, the declarations of a prior holder, made while he held the note, after it was due, are admissible in evidence to show payment to such prior holder, or any right or set-off which the maker had against him.

It appears that the referee, in disposing of the issue as to the validity of the assignment, placed reliance on the declarations of the assignor, as tending to show a purpose on his part to delay, cheat and defraud his creditors, and in his report refers to these declarations and sets forth the same in substance, and he also, in his opinion, refers to them and remarks that they constitute some evidence of the intent with which the assignor made the assignment.

As it is thus made to appear that the referee in disposing of the chief question of fact submitted to him for his determination, received and acted upon incompetent evidence, the order of confirmation must be reversed and the proceedings remitted to the Monroe Special Term, and the appellant's costs and disbursements on this appeal are ordered to be paid out of the surplus moneys.

Smith, P. J., Haight and Bradley, JJ., concurred.

Order reversed and the report of the referee set aside, with ten dollars costs of this appeal and disbursements, to be paid out of the surplus money, and a new hearing ordered before another referee.